UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ARRINGTON, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>JENNIFER ALLEN, an individual,<br><br>        Defendant. | No. 2:13 CV-00810-JLR<br>Hon. James L. Robart<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date:   July 22, 2013<br><br>Complaint Filed: May 7, 2013<br>Trial Date: None Set |

389520.1

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Western District of Washington L.C.R. 26, and the Court's June 5, 2013 Order (Doc. 9), counsel for the parties hereby present their Joint Rule 26(f) Report as follows:

**1.    STATEMENT OF CASE**

Plaintiff Michael Arrington filed his Complaint against Defendant Jennifer Allen on May 7, 2013. The Complaint asserts claims for defamation and publication in a false light, and alleges that Defendant published defamatory statements about Plaintiff, which statements Defendant refused to retract on Plaintiff's demand, and which statements Defendant thereafter republished and compounded by publishing additional defamatory statements. Plaintiff has demanded a trial by jury.

Defendant filed her Answer to the Complaint on June 17, 2013. Defendant admits that she made all but one of the statements, and has asserted affirmative defenses (1) that plaintiff is a public figure, (2) that the statements are true and believed to be true, and (3) that venue is improper.

**2.    PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES**

The parties do not anticipate adding any additional parties.

**3.    CONSENT TO ASSIGNMENT OF U.S. MAGISTRATE JUDGE**

No.

**4.    DISCOVERY PLAN**

   **A.    Initial Disclosures**

The parties agreed to commence the exchange of initial disclosures on or before August 5, 2013.

   **B.    Subjects of Discovery**

Plaintiff anticipates needing the following discovery:

    (1)    All non-privileged emails sent by Plaintiff from January 1, 2012 to the time the lawsuit was served.

(2) All other electronic communications made by Plaintiff, including writings on SMS, Twitter, Facebook, Skype and other media, from January 1, 2012 to the time the lawsuit was served;

(3) All communications made by Plaintiff since January 1, 2004 that refer or relate to Plaintiff, or that refer or relate to rape, physical or mental abuse or threats thereof or assault, and any information regarding legal proceedings in which Plaintiff was allegedly involved as a defendant.

(4) All photographic or other evidence pertinent to Defendant's claimed defenses or alleged injuries.

Defendant anticipates the following discovery:

(1) All non-privileged e-mails and other electronic media sent or received by Plaintiff from January 1, 2012 to the time the lawsuit was served which relate to Defendant.

(2) Any evidence of abuse by Plaintiff of other women.

(3) Any evidence of any element of general or special damage sustained by Plaintiff including medical and other records created by health care providers due to automatic waiver of his medical privilege(s) pursuant to RCW 5.60.060 (4)(b).

## C. Electronically Stored Information

Both parties anticipate having a substantial amount of electronically stored information, and have agreed to discuss the form or format of the disclosure of such information.

## D. Privilege Issues

The parties have agreed that privileged communications concerning this litigation (*i.e.*, privileged communications concerning the potential commencement of litigation and privileged communications occurring after the litigation was filed concerning the litigation) do not need to be identified in privilege logs. The parties

further agreed that other privileged documents, to the extent they exist, should be identified in a privilege log no later than thirty days after the document production to which they are responsive.  The parties also agreed that the provisions of Fed. R. Civ. P. 26(b)(5) shall govern with respect to the issue of "clawback" of privileged material.  Defendant believes that the scope of discovery set forth at Part 4(B)(1)-(3) is too broad and should be narrowed to that media which relates to Plaintiff.

### E. Changes or Limitations on Discovery, and Whether Discovery Should Be Conducted in Phases or Focused on Particular Issues

None.

### F. Discovery Orders

The parties have agreed that a stipulated protective order, protecting the confidentiality of business information, may be appropriate in this case.

## 5. VIEWS, PROPOSALS AND AGREEMENTS SET FORTH IN LOCAL RULE 26(f)(1) AND THE COURT'S JUNE 5, 2013 ORDER (DOC. 9)

### A. Prompt Case Resolution

Prior to filing suit, Plaintiff unsuccessfully sought a retraction by Defendant of the statements at issue in this action.

### B. ADR

Plaintiff submits it is premature to discuss ADR, given the failure of recent attempts to elicit a retraction from Defendant.  Defendant believes that ADR will be appropriate after initial discovery including depositions of the parties.

### C. Related Cases

None.

### D. Discovery Management

The parties intend to adhere to the discovery procedures as set forth in the Federal Rules of Civil Procedure.

### E. Anticipated Discovery Sought

See 4-B above.

  **F.**  **Phasing Motions**

The parties currently anticipate no need for phasing motions.

  **G.**  **Preservation of Discoverable Information**

The parties do not currently anticipate any preservation issues.

  **H.**  **Privilege Issues**

See 4-D above.

  **I.**  **Protocol for Discovery of ESI**

See 4-C above.

  **J.**  **Alternatives to Model Protocol**

The parties do not currently propose an alternative model.

**6.**  **DATE BY WHICH DISCOVERY CAN BE COMPLETED**

Summer of 2014.

**7.**  **SEVERANCE, BIFURCATION OR OTHER ORDERING OF PROOF**

  Plaintiff does not believe there should be any severance, bifurcation or other ordering of proof. Defendant does not now have a position on bifurcation.

  Defendant believes that punitive damages are not obtainable under Washington law.

**8.**  **PRETRIAL STATEMENTS AND PRETRIAL ORDER**

  The parties do not currently propose dispensing with pretrial statements and the pretrial order.

**9.**  **ADR**

  See Part 5-B above.

**10.**  **SHORTENING SIMPLIFYING CASE**

  The parties do not believe any portion of the Manual For Complex Litigation should be utilized in this case.

  **A.**  **Dispositive Motions**

  The parties anticipate filing motions for summary judgment or, in the alternative, partial summary judgment. Defendant anticipates filing a motion

regarding the propriety of venue in this District.

### B. Unusual Legal Issues

The parties do not believe this case presents any unusual legal issues.

### C. Settlement

The parties have engaged in settlement discussions. The parties believe further settlement discussions will not be productive, at least until certain fact discovery has been completed. See Part 5-B above.

### 11. DATE CASE READY FOR TRIAL

Fall 2014.

### 12. WHETHER TRIAL WILL BE JURY OR NON-JURY

Jury.

### 13. LENGTH OF TRIAL

The parties estimate the trial will take seven days.

### 14. NAMES AND ADDRESSES OF ALL TRIAL COUNSEL

For Plaintiff Michael Arrington:

Sheryl J. Willert, WSBA #8617
William I. Aloe, WSBA #40906
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel. (206) 628-6600

Eric M. George (*Pro Hac Vice*)
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067
(310) 274-7100

For Defendant Jennifer Allen:

Kelby D. Fletcher (WSBA #5623)
Justo G. Gonzalez (WSBA #39127)
STOKES LAWRENCE, P.S.

1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
(206) 626-6000

Nathan Goldberg (*Pro Hac Vice*)
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd., Suite 1500
Los Angeles, CA 90048
(323) 653-6530

### 15. DATES WHICH TRIAL COUNSEL NOT AVAILABLE FOR TRIAL

Counsel is unavailable for trial throughout the Fall of 2014.

### 16. ALL PARTIES SERVED, IF NOT, WHEN

The sole Defendant has been served.

### 17. PARTIES WISH FOR SCHEDULING CONFERENCE BEFORE SCHEDULE ORDER

No.

### 18. LIST DATES EACH PARTY FILED DISCLOSURE STATEMENT

Not applicable.

### 19. PARTIES CONSENT TO HAVING HEARINGS VIDEOTAPED

No.

| | |
|---|---|
| 1  DATED: August 5, 2013 | |
| 2 | By   s/ Eric M. George |
| 3 | Eric M. George (*Pro Hac Vice*) |
|   | BROWNE GEORGE ROSS LLP |
| 4 | 2121 Avenue of the Stars, Suite 2400 |
|   | Los Angeles, CA 90067 |
| 5 | Tel. (310) 274-7100 |
|   | Fax (310) 275-5697 |
| 6 | egeorge@bgrfirm.com |
| 7 | Attorneys for Plaintiff Michael Arrington |
| 8 | |
|   | Sheryl J. Willert, WSBA #8617 |
| 9 | William I. Aloe, WSBA #40906 |
|   | WILLIAMS, KASTNER & GIBBS PLLC |
| 10 | 601 Union Street, Suite 4100 |
|    | Seattle, WA 98101-2380 |
| 11 | Tel. (206) 628-6600 |
|    | Fax (206) 628-6611 |
| 12 | swiller@williamskastner.com |
| 13 | waloe@williamskastner.com |
|    | Attorneys for Plaintiff Michael Arrington |
| 14 | |
| 15 | |
|    | DATED: August 5, 2013 |
| 16 | |
|    | By   s/ Kelby D. Fletcher |
| 17 | |
| 18 | Kelby D. Fletcher (WSBA #5623) |
|    | Justo G. Gonzalez (WSBA #39127) |
| 19 | STOKES LAWRENCE, P.S. |
|    | 1420 Fifth Avenue, Suite 3000 |
| 20 | Seattle, WA 98101-2393 |
|    | (206) 626-6000 |
| 21 | |
| 22 | Nathan Goldberg (*Pro Hac Vice*) |
|    | ALLRED, MAROKO & GOLDBERG |
| 23 | 6300 Wilshire Blvd., Suite 1500 |
|    | Los Angeles, CA 90048 |
| 24 | (323) 653-6530 |
| 25 | Attorneys for Defendant Jennifer Allen |

389520.1

-7-

JOINT RULE 26(F) REPORT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On August 5, 2013, I served true copies of the following document(s) described as **JOINT RULE 26(F) REPORT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2013, at Los Angeles, California.

Claudia Bonilla

389520.1

JOINT RULE 26(F) REPORT

# SERVICE LIST

*Michael Arrington v. Jennifer Allen*
U.S. District Court, Western District of Washington
at Seattle, Case No. 13-CV-00810-JLR

| | |
|---|---|
| Sheryl J. Willert, WSBA #8617<br>William I. Aloe, WSBA #40906<br>WILLIAMS, KASTNER<br>  & GIBBS PLLC<br>601 Union Street, Suite 4100<br>Seattle, WA  98101-2380<br>Tel. (206) 628-6600<br>Fax (206) 628-6611<br>swiller@williamskastner.com<br>waloe@williamskastner.com | Plaintiff's Co-Counsel |
| Kelby D. Fletcher (WSBA #5623)<br>Justo G. Gonzalez (WSBA #39127)<br>STOKES LAWRENCE, P.S.<br>1420 Fifth Avenue, Suite 3000<br>Seattle, WA  98101-2393<br>(206) 626-6000 | Counsel for Defendant |
| Nathan Goldberg (*Pro Hac Vice*)<br>ALLRED, MAROKO<br>  & GOLDBERG<br>6300 Wilshire Blvd., Suite 1500<br>Los Angeles, CA  90048<br>(323) 653-6530 | |

389520.1